IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

**STATE OF TENNESSEE v. TIFFANY LEA PACKARD**

**Direct Appeal from the Circuit Court for Sevier County
No. 9303     Richard R. Vance, Judge**

---

**No. E2004-00415-CCA-R3-CD - Filed February 7, 2005**

---

The appellant, Tiffany Lea Packard, pled guilty in the Sevier County Circuit Court to manufacturing methamphetamine, a Class C felony, and simple possession of marijuana, a Class A misdemeanor. She received a total effective sentence of four years incarceration in the Tennessee Department of Correction. The trial court denied the appellant alternative sentencing, and the appellant now appeals that denial. Upon our review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

James R. Hickman, Jr., Sevierville, Tennessee, for the appellant, Tiffany Lea Packard.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and Nichole Davis Bass, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that on August 12, 2003, the appellant entered guilty pleas to one count of manufacturing methamphetamine and one count of possession of marijuana.[1] Pursuant to the plea agreement, the appellant received concurrent sentences of four years for the manufacturing conviction and eleven months and twenty-nine days for the possession conviction. The plea

---

[1] The appellant was also charged with two counts of child neglect. However, following a plea agreement, the child neglect charges were dismissed.

agreement provided that the manner of service of the sentence would be left to the discretion of the trial court.

At the sentencing hearing, the trial court recalled that the appellant,

> her husband and the other defendants were at the motel in Pigeon Forge, that an employee of the motel became concerned because of the [appellant's] two children, who are now fourteen and ten, were running around in the motel area. An officer came up to find out what was going on and that led to the discovery that a meth lab was in operation in the motel room occupied by Mr. and Mrs. Packard, while these kids were there and they were arrested.[2]

At the conclusion of the brief sentencing hearing, the trial court noted that because the appellant was a Range I standard offender convicted of a C felony, she was entitled to a presumption in favor of alternative sentencing. However, the trial court found that the presumption was rebutted by evidence to the contrary. Accordingly, the trial court denied the appellant probation and ordered that she serve her sentences in confinement. The appellant now appeals the denial of alternative sentencing.

## II. Analysis

Initially, we note that the State contends that the notice of appeal was not timely filed. Rule 4(a) of the Tennessee Rules of Appellate Procedure instructs that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within thirty days after the date of entry of the judgment appealed from." In the instant case, the trial court sentenced the appellant on January 13, 2001. The appellant subsequently filed a notice of appeal on February 13, 2001, which date is indeed, as alleged by the State, thirty-one days after the date of sentencing. However, our review of the record reveals that the judgments of conviction were not filed in the trial court until April 30, 2004. Thus, the judgments from which this appeal stems were filed after the appellant filed her notice of appeal. In other words, the appellant's notice of appeal was not filed too late; instead, the notice was filed prematurely. Rule 4(d) provides that "[a] prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." Tenn. R. App. P. 4(d). Therefore, the appellant's notice of appeal was timely.

In addressing the merits of the issue raised by the appellant, we first note that an appellant is eligible for alternative sentencing if the sentence actually imposed is eight years or less. See Tenn. Code Ann. § 40-35-303(a) (2003). Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6) (2003). In the instant case, the

---

[2] Because a transcript of the plea hearing was not included in the appellate record, we glean the facts underlying the appellant's convictions from the sentencing hearing.

appellant is a standard Range I offender convicted of a Class C felony and sentenced to four years; therefore, she is presumed to be a favorable candidate for alternative sentencing.[3] However, this presumption may be rebutted by "evidence to the contrary." State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1) (2003), may constitute "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Zeolia, 928 S.W.2d at 461.

The trial court found that alternative sentencing should be denied because of the appellant's extensive criminal history, the seriousness of the offenses, and the appellant's previous failure to comply with the terms of probation. The appellant's presentence report reflects that prior to the instant offenses, the appellant was convicted of speeding, driving on a revoked license, and two charges of failing to appear. Since the instant offenses occurred on June 15, 2002, the appellant has been arrested for shoplifting in Knox County. We conclude that the appellant's criminal history, while cause for concern, is insufficient, standing alone, to merit a denial of probation.

Next, the trial court noted that the appellant had a history of violating probation, finding that the appellant "had opportunities in the past to be on probation which you failed to successfully complete and probations were violated." In fact, the trial court noted in denying alternative sentencing, "[T]he major thing is your previous opportunities to be on probation, which you failed." Moreover, the record reflects that the appellant was previously granted judicial diversion and has nevertheless continued to reoffend, demonstrating poor potential for rehabilitation. See State v. Cherie Mae Phillips, No. E2003-01897-CCA-R3-CD, 2004 WL 746294, at *3 (Tenn. Crim. App. at Knoxville, Apr. 8, 2004), perm. to appeal denied, (Tenn. 2004). Finally, the appellant's record also reflects that the appellant has on numerous occasions failed to appear to events as instructed by the court, evidencing a disregard for the instructions of the trial court. Thus, like the trial court, we conclude that measures less restrictive than confinement have frequently and recently been applied unsuccessfully to the appellant.

---

[3] While certain Class C, D, or E offenders are entitled to a presumption in favor of probation, the appellant is entitled to no such presumption regarding her misdemeanor sentence. See State v. Williams, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995).

The trial court also found that incarceration was necessary to avoid depreciating the seriousness of the offenses. In denying an alternative sentence to avoid depreciating the seriousness of an offense, this court should determine if the criminal act is especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree. See Zeolia, 928 S.W.2d at 462. From the facts contained in the record before us, we question whether the offenses were particularly shocking as was found by the trial court. However, we note that prior to denying alternative sentencing, the trial court stated that

> [t]he Court recalls quite well the circumstances of this particular case. Not only from the stipulated facts that were announced at the time of entry of her plea but we had a rather extensive Evidentiary Hearing on the Suppression Motions early on in which the officers testified and much detailed testimony was given about what all had taken place.

Neither the transcript from the guilty plea hearing nor from the evidentiary hearing were included in the record for our review. An appellant carries the burden of ensuring that the record on appeal conveys a fair, accurate, and complete account of what has transpired with respect to those issues that are the bases of appeal. See Tenn. R. App. P. 24(b); see also Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Thus, from the state of the record we are hesitant to conclude that the trial court erred in denying probation due to the seriousness of the offenses. Regardless, even if the trial court's findings in this instance were error, there is nevertheless sufficient evidence to support the trial court's denial of alternative sentencing based upon the appellant's continued failed efforts at measures less restrictive than confinement. Accordingly, the trial court did not err in ordering the appellant to serve her sentence in confinement.

### III. Conclusion

Finding no reversible error, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE